UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KUONI TRAVEL (INDIA) PVT. LTD.,

                        Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        13-CV-109S

BEDORE TOURS, INC.,

                        Defendant.


        Presently before this Court is Defendant Bedore Tours, Inc.'s motion to dismiss

Plaintiff Kuoni Travel (India) Pvt. Ltd.'s complaint under Rule 12 (b)(6) of the Federal Rules

of Civil Procedure.  (Docket No. 9.)  After Bedore filed its motion, Kuoni filed an amended

complaint as a matter of course, consistent with Rule 15 (a)(1)(B).  (Docket No. 11.)

Although Kuoni urges this Court to deny Bedore's motion as moot in light of the amended

pleading, both parties have briefed the issues raised in Bedore's motion as they relate to

the amended complaint, including Kuoni's filing of a sur-reply.  Accordingly, for the sake

of efficiency and expediency, this Court will resolve Bedore's motion as against Kuoni's

amended complaint.  See Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F.

Supp. 2d 376, 384 (D.Conn. 2008) (finding that where a plaintiff timely amends the

complaint while a motion to dismiss is pending, the court may either deny the motion as

moot or consider it in light of the amended pleading).  For the reasons that follow, Bedore's

motion is denied.

        Kuoni is one of India's largest travel and tourism companies and is India's leading

holiday travel company focused exclusively on the luxury and leisure segments of the travel

market.  (Amended Complaint, Docket No. 11, ¶ 6.)  Kuoni "cooperates with" a New York

company called Allied T Pro, Inc., which arranges land-based tour services in the United States on Kuoni's behalf.  (Amended Complaint, ¶¶ 9-11.)  Bedore is a tour company that, at least in part, provides bus transportation services.  (Amended Complaint, ¶¶ 13, 15, 21.)

Sometime before July 2011, Allied, on Kuoni's behalf and as Kuoni's agent, contracted with Bedore to provide bus transportation services in the United States for Kuoni's "American Experience with Canada Tour," which left India for the United States on July 8, 2011.  (Amended Complaint, ¶¶ 12, 13, 14, 21.)  Thereafter, on July 17, 2011, Bedore supplied a bus that it owned and a driver that it employed to transport Kuoni's customers from Washington, D.C., to Niagara Falls.  (Amended Complaint, ¶ 15.)  The bus left Washington, D.C., at approximately 9:00 a.m., but never made it to Niagara Falls. (Amended Complaint, ¶ 15.)

At approximately 4:15 p.m., the front passenger-side tires failed as the bus traveled 72 miles-per-hour northbound on Interstate 390 in Steuben County, N.Y.  (Amended Complaint, ¶ 16.)  The driver lost control and the bus careened off the interstate and down a grassy, tree-lined embankment, coming to final rest overturned on its passenger side. (Amended Complaint, ¶ 17.)  The driver and all 36 passengers were injured.  (Amended Complaint, ¶ 18.)  Two individuals later died from their injuries.  (Amended Complaint, 18.)

Kuoni responded to the crash by directing resources and personnel to assist and support the passengers and their families.  (Amended Complaint, ¶ 19.)  A senior team from Kuoni flew from India to the United States on July 18, 2011, and joined two American-based Kuoni employees and two Allied employees.  (Amended Complaint, ¶ 19.)  The team worked to obtain the necessary medical treatment and support for the affected passengers and their families.  (Amended Complaint, ¶ 19.)

2

Asserting breach-of-contract and negligence claims, Kuoni seeks recovery for damages incurred from refunding tour costs, transporting injured passengers and their families, and responding to the crash. (Amended Complaint, ¶¶ 24 (a), 36 (a).) It further seeks recovery for losses incurred from delaying a subsequent tour and postponing planned marketing activities. (Amended Complaint, ¶¶ 24 (b), 36 (b).) Finally, Kuoni seeks recovery for losses incurred due to canceled and reduced tour bookings. (Amended Complaint, ¶¶ 24 (c), 36 (c).)

When considering a motion to dismiss for failure to state a claim under Rule 12 (b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). To survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Bedore moves to dismiss Kuoni's breach-of-contract claim on the basis that no contract existed between Kuoni and Bedore, but rather, Bedore's contract was with Allied. This argument is a non-starter, because Kuoni specifically alleges in the amended complaint that (1) Allied entered the contract with Bedore on Kuoni's behalf and as Kuoni's

3

agent, and (2) Bedore was aware that Allied was engaging its services on behalf of Kuoni. (Amended Complaint, ¶¶ 13, 14, 21.)  When an agent enters a contract on behalf of a fully disclosed principal, it is the principal who is bound, not the agent.  See Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A, 347 F.3d 448, 462 (2d Cir. 2003); Stonhard v. Blue Ridge Farms, LLC, 114 A.D.3d 757, 980 N.Y.S.2d 507, 509 (2d Dep't 2014); Matter of Anderson v. PODS, Inc., 70 A.D.3d 821, 896 N.Y.S.2d 88 (2d Dep't 2010).   Thus, as alleged, the contract here was between Kuoni and Bedore, not Bedore and Allied.  Consequently, because each of the elements of a breach-of-contract claim are adequately pled in the amended complaint, Bedore's motion to dismiss this claim is denied.

Bedore also moves to dismiss Kuoni's negligence claim on the basis that it is barred by New York's economic-loss rule.  Under that rule, a plaintiff cannot recover in tort for purely economic losses caused by a defendant's negligence.  See Schiavone Constr. Co. v. Mayo Corp., 56 N.Y.2d 667 (1982).  The rule, however, generally does not apply outside of the product-liability context.  See King County, Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 288, 302 n. 109 (S.D.N.Y. 2012) (citing 532 Madison Avenue Gourmet Foods, Inc. v. Finlandia Center, Inc., 96 N.Y.2d 280, 289 (2001) and recognizing that the economic-loss rule "stands for the proposition that an end-purchaser of a product is limited to contract remedies and may not seek damages in tort for economic loss against a manufacturer.")

Rather, in cases where the parties' relationship is initially formed by contract and a claim is later asserted that the contract was performed negligently, courts apply the economic-loss doctrine, as distinct from the economic-loss rule.  See Sommer v. Federal Signal Corp., 79 N.Y.2d 540, 551 (1992); see also In re MF Global Holdings Ltd. Inv. Litig.,

No. 11 Civ. 7866 (VM), 2014 WL 667481, at *19 n. 17 (S.D.N.Y. Feb. 11, 2014) (recognizing distinction).  The economic-loss doctrine requires "a policy-driven scrutiny of whether a defendant had a duty to protect a plaintiff against purely economic losses." King Cnty, Wash, 863 F. Supp. 2d at 302.  The doctrine serves two purposes: "(1) it protects defendants from disproportionate, and potentially limitless liability; and (2) it disentangles contract and tort law by restricting plaintiffs who suffer economic losses to the benefits of their bargains." Id.

Here, for purposes of surviving Bedore's motion to dismiss, Kuoni has sufficiently stated a plausible claim outside of the economic-loss rule.  It has asserted, consistent with the economic-loss doctrine, that Bedore owed it a duty unrelated to the contract between them — to exercise due care in providing bus transportation to Kuoni's passengers. (Amended Complaint, ¶ 27.)  A duty can arise simply by the nature of the services at issue, such as a driver's duty to drive carefully, which is a duty imposed by law as a matter of social policy, not one imposed by contract.  See, e.g., Sommer, 79 N.Y.2d at 550, 552.  At this stage, without further development of the nature of the relationship between the parties and the duties that may flow between them, this Court cannot conclude that Kuoni's negligence claim must be dismissed as a matter of law.  Consequently, Bedore's motion to dismiss this claim is denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 9) is

DENIED.

SO ORDERED.

Dated:        March 31, 2014
              Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court